# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SMITH, | ) |
| | ) CIVIL ACTION NO. 3:15-cv-321 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ARBUTUS PARK MANOR d/b/a | ) |
| ARBUTUS PARK RETIREMENT | ) |
| COMMUNITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Michael Smith, a resident of Cambria County, Pennsylvania, by and through his attorneys, McCarthy Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Arbutus Park Manor d/b/a Arbutus Park Retirement Community, demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

**A.  Plaintiff**

1. Plaintiff, Michael Smith ("Mr. Smith"), is an adult individual residing at 532 Loraine Road, Nanty Glo, Cambria County, Pennsylvania.

B. **Defendant**

2. Defendant, Arbutus Park Manor d/b/a Arbutus Park Retirement Community ("Arbutus"), is a Pennsylvania non-profit home for the aging, with a principal place of business located at 207 Ottawa Street, Johnstown, Cambria County, Pennsylvania.

3. At all times relevant to this Complaint, Arbutus employed in excess of fifty (50) individuals.

## JURISDICTION AND VENUE

4. This Complaint alleges illegal sexual harassment and discrimination in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq.* (hereinafter referred to as "Title VII"), as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter referred to as the "PHRA").

5. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7. This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claims pursuant to 28 C.F.R. 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

9. On or about December 9, 2014, Mr. Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 533-2015-00291, alleging sexual harassment, retaliation and wrongful discharge from his employment with Arbutus.

10. Mr. Smith has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue (Issued on Request) from the EEOC, dated September 22, 2015.

11. Mr. Smith has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## **STATEMENT OF FACTS**

12. On or about August 14, 2014, Mr. Smith was working as a Nurse's Aide for Arbutus when a co-worker, Sandi Ursel, exposed her breast to him in a sexually provocative manner, and asked Mr. Smith if he liked what he saw.

13. Mr. Smith soon thereafter reported this offensive incident of sexual harassment to Arbutus' Director of Nursing, Brooke Patterson.

14. Ms. Patterson responded to the report by transferring Mr. Smith to another hallway in the facility, at some detriment to his standing in the facility, while allowing Ms. Ursel to continue working in her accustomed station.

15. Upon information and belief, Ms. Ursel was not terminated nor even disciplined for her gross acts of sexual harassment.

16. Upon information and belief Ms. Ursel, as the perpetrator of unlawful harassment of Mr. Smith, could have been transferred instead of Mr. Smith, and could have fully carried out her job duties in a different location.

17. On or about August 23, 2014, a coworker brought lunch for Mr. Smith and inadvertently placed it in a refrigerator located in the hallway where Ms. Ursel was working.

18.   Mr. Smith briefly visited the hallway where Ms. Ursel was working to retrieve his lunch from the refrigerator. Mr. Smith promptly left the hallway with his lunch and did not return.

19.   Later that week, on or about August 26, Mr. Smith was called at home for a telephone conference with Ms. Patterson, Arbutus' Director of Human Resources, Julie (last name unknown), and another Arbutus official, Janette Bradley.

20.   In this conference, Mr. Smith was accused of entering Ms. Ursel's hallway twice on August 23 and staring at her, though in fact he was not interested in Ms. Ursel and visited the hallway only once, to get his lunch from the refrigerator.

21.   Mr. Smith was informed by Arbutus during this conference that he was being terminated for insubordination as a result of being in the hallway.

## COUNT I

### TITLE VII VIOLATION
### SEXUAL DISCRIMINATION AND HARASSMENT

22.   The averments of Paragraphs 1 through 21 above are incorporated by reference as though fully set forth herein.

23. Defendant created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment, by the manner in which they responded to Plaintiff's report of sexual harassment.

24. The acts of Defendant, and its officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Plaintiff, include permitting Plaintiff's coworker Ms. Ursel to sexually harass him without consequence or discipline, and forcing Plaintiff to transfer to another hallway after he reported Ms. Ursel's unlawful conduct to Defendant's management.

25. The sexually hostile environment was specifically known to Defendant's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

26. As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

27. As a result of the sexually hostile environment, Plaintiff has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

28. The actions of Defendant set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Michael Smith, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Arbutus Park Manor d/b/a Arbutus Park Retirement Community, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### TITLE VII VIOLATION
### RETALIATION

29. Paragraphs 1 through 28 above are incorporated herein by reference as if more fully set forth at length.

30. Subsequent to reporting the sexual discrimination and harassment, Defendant retaliated against Plaintiff and terminated his employment in violation of Title VII.

31. As a consequence of Defendant's wanton and willful acts of retaliation, Plaintiff was subjected to emotional distress, humiliation, ridicule and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

32. As a result of Defendant's retaliation, Plaintiff has suffered economic loss, including loss of earnings, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

33. The actions of Defendant set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Michael Smith, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Arbutus Park Manor d/b/a Arbutus Park Retirement Community, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and

appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

## PHRA ALLEGATIONS
## SEXUAL DISCRIMINATION AND HARASSMENT
## RETALIATION

34. Paragraphs 1 through 33 above are incorporated herein by reference as if more fully set forth at length.

35. This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should exercise, pendent jurisdiction over the same because the cause of action set forth in this COUNT III arises out of the same facts, events and circumstances as COUNTS I and II, and therefore judicial economy and fairness dictate that this COUNT III be brought in this same Complaint.

36. Plaintiff was subjected to sexual discrimination and harassment in violation of the PHRA.

37. Defendant created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment, by the manner in which they responded to Plaintiff's report of sexual harassment.

38. The sexually hostile environment was specifically known to Defendant's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

39. Subsequent to reporting the sexual discrimination and harassment, Defendant retaliated against Plaintiff and terminated his employment in violation of the PHRA, which prohibits retaliation for reports of discrimination and harassment based upon sex and race with respect to the continuation and tenure of employment.

40. Defendant knew or should have known that these actions subjected Plaintiff to sexual discrimination, harassment and retaliation.

41. The sexual discrimination, harassment and retaliation to which Plaintiff was subjected would have detrimentally affected a reasonable person in his position.

42. Defendant's failure to maintain a work environment free from sexual discrimination, harassment and retaliation was intentional, malicious and in reckless indifference to his protected state rights.

43. At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

44. As a result of Defendant's actions, Plaintiff has had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule and embarrassment, has endured public humiliation, ridicule and embarrassment before his family and friends, and has sustained economic losses.

45. Plaintiff has and continues to suffer irreparable harm as a result of Defendant's violation of his protected state rights.

WHEREFORE, Plaintiff, Michael Smith, respectfully requests this Honorable Court to enter judgment in his favor and against Defendant, Defendant, Arbutus Park Manor d/b/a Arbutus Park Retirement Community, for all of the relief sought in COUNT I, supra, and such other relief provided by the PHRA.

                                              Respectfully submitted,

                                              McCarthy Weisberg Cummings, P.C.

<u>December 9, 2015</u>            <u>/s/ Derrek W. Cummings</u>
Date                            Derrek W. Cummings
                                              PA Bar I.D. #: PA83286
                                              dcummings@mwcfirm.com

                                              Larry A. Weisberg
                                              PA Bar I.D. #: PA83410
                                              lweisberg@mwcfirm.com

                                              2041 Herr Street
                                              Harrisburg, PA 17103-1624
                                              (717) 238-5707
                                              (717) 233-8133 (FAX)

                                              *Counsel for Plaintiff*